JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Roszlyn Stewart, appeals her jury trial conviction for felonious assault and the imposition of post-release control. Defendant was involved in a car accident on St. Clair Avenue near East 64th Street. The victim, a seventy-seven-year-old woman, was making a U-turn on St. Clair when she pulled her car in front of defendant's. Defendant was unable to stop in time and the cars collided. The victim's car was not drivable because the back wheels were bent. Defendant, on the other hand, was able to drive off in her car, which had only broken lights. Because she was shaken up by the accident, the victim stayed in her car. The twenty-one-year-old defendant, meanwhile, got out of her car, opened the victim's car door, and struck her in the face.
 {¶ 2} Although the police never reported to the scene of the accident, EMS did. The victim told EMS that her son would transport her to the hospital. Her son took her to Euclid General Hospital, where an X-ray revealed that she had an inferior orbital fracture. The hospital referred her to Dr. Louis, an ophthalmologist, to assess any potential damage to the eye itself. Although the eye suffered no permanent damage, it was and remains pushed back into the eye socket a few millimeters.
 {¶ 3} The jury convicted defendant of felonious assault, a second degree felony. She timely appealed, stating three assignments of error. For her first assignment of error, she states: I. Trial court failed to advise appellant of mandatory post release control sanctions imposed as a part of sentencing.
 {¶ 4} Both parties agree that at the sentencing hearing the trial court failed to advise the defendant of the statutorily required post-release control.[1] The court did not inform defendant at the sentencing hearing of the post-release control it imposed; however, control was included in the court's judgment entry, which states in part: "Post release [sic — no hyphen] control is a part of prison sentence." The state argues that because of the omission at the hearing the case must be remanded for resentencing. Defendant argues, on the other hand, that this omission requires post-release control be stricken and removed from the journal entry.
 {¶ 5} Neither party disputes that the failure to advise defendant of post-release control at the sentencing hearing was an error. "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods v. Telb (2000), 89 Ohio St.3d 504, syllabus paragraph two. Further, neither party disputes that R.C. 2967.68 mandates the court advise defendant of post-release control at sentencing. The question, therefore, is, should this court remand the case for inclusion of post-release control in a new sentencing hearing or should it vacate the post-release control portion of the sentence?
 {¶ 6} First, we note that only the parole board has authority to impose post-release control. The court merely advises defendant he may be or is subject to such control. Second, the state did not appeal or even cross-appeal on this issue or, for that matter, on the issue of the sentence. The state has the right to participate in sentencing hearings and to appeal any sentencing decision that is allegedly contrary to law. R.C. 2953(B)(2). Thus the state has waived any right to correct this error.
 {¶ 7} In a similar case in which the state never appealed or even cross-appealed this issue, this court recently ruled that when the trial court fails to give the required advisement on post-release control at the sentencing hearing then the case must be remanded for correction of the journal entry to show that post-release control is not included in the sentence. State v. Fitch, Cuyahoga App. No. 79937, 2002-Ohio-4891, discretionary appeal allowed 2003-Ohio-1189. Although this court is empowered to correct plain errors, we must acknowledge the chilling effect that will result if we would remand the case for a new hearing in order to make defendant subject to post-release control — solely as a result of his appeal. We thus remand this case to allow the trial court to correct its judgment entry to be consistent with what the court said to defendant at the hearing.
 {¶ 8} For her second assignment of error, defendant states: Trial court erred in refusing to instruct the jury on aggravated assault, the offense of inferior degree of felonious assault.
 {¶ 9} Defendant claims that the court should have given the jury the option of finding her guilty of aggravated assault in addition to considering felonious assault. Aggravated assault requires, first, a sudden passion or fit of rage on the part of defendant and, second, sufficient provocation by the victim to induce this passion or rage.[2]
 {¶ 10} Defendant requested a jury instruction on aggravated assault. During the discussion in the trial court concerning this request, defense counsel pointed out that defendant fit the requirement of being in a sudden rage, as described by all the witnesses. The court held, however, that making an illegal U-turn was not sufficient provocation to justify defendant's rage. We agree.
 {¶ 11} The Ohio Supreme Court has addressed the issue of what constitutes sufficient provocation and has ruled that in addition to considering the defendant's mental and emotional state, the court must consider the surrounding conditions and circumstances of the incident.State v. Deem (1988), 40 Ohio St.3d 205, 211. In Deem, the court considered the victim's bumping of defendant's car with her car a "remote and minor incident," which, even with the stormy romantic history between that victim and defendant, was not reasonably sufficient to constitute provocation which would incite the use of deadly force.
 {¶ 12} Whereas the accident in Deem was a minor bump between the cars, the collision in the case at bar was forceful enough to render the victim's car inoperable. Nonetheless, this court has held that a traffic collision, even when intentionally caused, is not sufficient provocation to induce the sudden rage or passion needed for that mitigating element which would turn a felonious assault into an aggravated assault. In Statev. Lee (Oct. 26, 1989), Cuyahoga App. No. 56033, the driver intentionally cut off another car, which action caused the second car to rear-end the driver's car. This court ruled that "[t]he evidence was insufficient to support appellant's claim that there existed a sudden, serious provocation sufficient to cause him to strike the victim with an aluminum baseball bat." Id. at *7. If an intentionally caused collision is not sufficient provocation, then certainly an accidental one is not. As the trial court noted, if a minor traffic infraction resulting in a collision were considered sufficient provocation for the use of deadly force, the morgue would need to expand to hold all the victims. Although defendant has shown that she was in a fit of sudden passion or rage at the time of the assault, she has failed to show that the traffic offense which caused the accident was sufficient to provoke her extreme response. The trial court correctly declined to instruct the jury on the offense of aggravated assault. This assignment of error is overruled.
 {¶ 13} For her third assignment of error, defendant states: The evidence was insufficient to support a finding of guilt as to the charge of felonious assault because appellant did not know that her conduct could cause serious physical harm.
 {¶ 14} Defendant argues that, although she does not dispute that the victim suffered serious physical harm, there is no evidence that a reasonable person would expect a single punch to result in such a serious injury. The test for determining the sufficiency of evidence requires the reviewing court, while examining the evidence in a light most favorable to the prosecution, to decide whether a reasonable person could find that beyond a reasonable doubt all the essential elements were present. Statev. Martin (1983), 20 Ohio App.3d 172.
 {¶ 15} Felonious assault is defined as knowingly causing serious physical harm to another.[3] The only element defendant disputes is the mens rea, that is, that she knew that one punch would cause such serious physical harm. "It is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts." State v. Johnson (1978), 56 Ohio St.2d 35, 39.
 {¶ 16} The victim in the case at bar is a seventy-seven-year-old woman who is four feet eleven inches tall and weighs no more than 100 pounds. General knowledge of the vulnerability of a woman this age and build may be assumed. The defendant is twenty-one years old. Further, the testimony of Dr. Louis, the treating physician, supports a finding that the majority of these types of eye injuries are the result of a fist fight. Finally, defendant struck the victim hard enough to fracture a bone and, as the doctor stated, push her eye back several millimeters in its socket. Although defendant's actions may not have been carefully planned, she punched the victim with enough force to cause the injuries. She can, therefore, be found to have intended the consequences of her action. The third assignment of error is overruled.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., concurs.
JAMES J. SWEENEY, P.J., concurs and dissents with separate concurringand dissenting opinion.
[1] R.C. 2967.68(B) states in pertinent part: "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment."
[2] The statute setting forth the elements of "aggravated assault," R.C. 2903.12, states in pertinent part: "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: Cause serious physical harm to another * * *."
[3] R.C. 2903.11 states in pertinent part: "(A) No person shall knowingly do * * * the following: (1) Cause serious physical harm to another * * *."